Office of the Attorney General · State of Texas



July 26, 2000

William R. Archer III, M.D.
Commissioner of Health
Texas Department of Health
1100 West 49th Street
Austin, Texas 78756-3199

Opinion No. JC-0261

Re: Whether the salary cap established by section 659.0115 of the Government Code applies to a retired state employee who is reemployed by a state agency to perform the same services he performed for the agency for the last six months prior to his retirement, and related questions (RQ-0203-JC)

Dear Dr. Archer:

You ask whether section 659.0115(a) of the Government Code, which caps the salary that a state agency may pay to a retired agency employee who has been reemployed by the agency "to perform services substantially similar to the services the retiree performed for the agency during the last 12 months of service before retirement," TEX. GOV'T CODE ANN. § 659.0115(a) (Vernon Supp. 2000), applies to a retired Texas Department of Health (TDH) employee who has been reemployed to perform the services he performed during his last six months of employment. We conclude that a retiree who has been reemployed to perform the same services he performed for six of the last twelve months of employment before retirement is subject to the cap. We also conclude that, under subsection (b) of section 659.0115, the cap does not apply to the salary of a reemployed retiree who performs "substantially similar" services for less than six months after reemployment and then transfers to a position that does not involve "substantially similar" services before the end of the first six months of reemployment. *See id.* § 659.0115(b).

You ask about an employee who, you inform us, spent the last twelve months of his tenure with TDH before retirement performing "two separate and distinct special assignments." Letter from William R. Archer III, M.D., Commissioner of Health, to Honorable John Cornyn, Texas Attorney General, at 1 (Mar. 8, 2000) (on file with Opinion Committee) [hereinafter "Request Letter"]. In his last year of service with TDH before retirement, the employee worked for the first six months as the director of the department's Texas Integrated Eligibility System and for the last six months as division director for the Women, Infants and Children (WIC) Vendor Operations Division. *See id.* He was recently reemployed by TDH as division director of the WIC Vendor Operations Division and has expressed a desire to remain in that position, but not if his salary is subject to the statutory cap. *See id.* at 2. He has submitted applications for several vacancies within TDH. *See id.*

Your questions arise from section 659.0115 of the Government Code, which provides in pertinent part:

> (a) A state agency that reemploys a retired agency employee to perform services substantially similar to the services the retiree performed for the agency *during the last 12 months of service before retirement* may not pay the retiree a salary at an annualized rate that exceeds the lesser of:
>
>> (1) the rate of compensation the retiree received from the state during the last 12 months of service before retirement; or
>>
>> (2) $60,000.
>
> (b) The salary limitation provided by Subsection (a) does not apply to a retiree's first six months of reemployment after retirement, except that if a retiree is reemployed for more than six months after retirement, the limitation applies to the entire period of reemployment.

TEX. GOV'T CODE ANN. § 659.0115 (Vernon Supp. 2000) (emphasis added).

As a threshold matter, you wish to know whether the employee's salary is subject to the cap. You state that the employee has been rehired "to perform substantially similar duties to those performed during his last six months of employment." Request Letter at 2. You ask, in essence, whether the retiree must be employed to perform services substantially similar to the duties he performed throughout the entire twelve months before retirement in order for the cap to apply, or whether it is sufficient to trigger the cap that he has been employed to perform duties substantially similar to duties he performed for some of that twelve-month period. *See id.*

The section 659.0115(a) salary cap applies when a state agency "reemploys a retired agency employee to perform services substantially similar to the services the retiree performed for the agency *during the last 12 months of service before retirement.*" TEX. GOV'T CODE ANN. § 659.0115(a) (Vernon Supp. 2000) (emphasis added). As you note, *see* Request Letter at 2, the answer to your question turns on the meaning of the word "during." The Code Construction Act instructs us to read words and phrases in context and according to common usage. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998). The word "during" can mean "[t]hroughout the whole continuance of" a period of time, IV OXFORD ENGLISH DICTIONARY 1134 (2d ed. 1989), or "at a point in the course of" a period of time, MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 360 (10th

ed. 1993); *see also* IV OXFORD ENGLISH DICTIONARY 1134 (2d ed. 1989*)* ("in the time of"). It is not apparent from the face of section 659.0115(a) which of these two meanings of "during" applies. Because the meaning of the term "during" is not apparent from the face of section 659.0115(a), we interpret the term in light of the statute's legislative history and the legislative purpose. *See* TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998) (in construing a statute a court may consider the object sought to be attained, circumstances under which the statute was enacted, the legislative history, and the consequences of a particular construction).

The bill analysis to the legislation adopting section 659.0115 gives the following background:

> Currently, certain state retirees are allowed to resume service with the state at a level of compensation equal to their previous level of pay. This practice usually occurs after a senior employee has retired under a retirement incentive program. There are concerns that the practice of allowing the retirees to return to work at a level of pay equal to their previous salary is not realizing as much cost savings as originally intended. This bill will reduce the level of salary for a reemployed state retiree.

HOUSE COMM. ON STATE AFFAIRS, BILL ANALYSIS, Tex. S.B. 631, 75th Leg., R.S. (1997). Clearly, the legislature was concerned that the practice of allowing state-agency retirees to return to their old positions at the same rate of pay undermined retirement incentive programs, which are designed to save the state money, and enacted section 659.0115(a) to discourage the practice and to limit its fiscal effect. Interpreting the term "during" in light of the legislative intent to save the state money, we conclude that the legislature intended the term "during" to mean *at some point in the course of* and that the section 659.0115(a) cap applies to a retired employee who is rehired to perform services substantially similar to services he or she performed at some time during the last twelve months of employment.

If we were to construe the phrase "services . . . during the last 12 months of service" to mean only services performed *throughout the whole continuance* of the last twelve months of service, then the section 659.0115(a) cap would be inapplicable to retirees who held more than one job during their last twelve months of service. In light of the legislative intent, we doubt the legislature intended to exclude from the cap employees who had two or more jobs during their last twelve months of service with the state. There would appear to be no logical reason for such a distinction, and it would reduce the statute's effectiveness as a cost-saving measure. *See* TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998) (in construing a statute a court may consider the object sought to be attained, circumstances under which the statute was enacted, the legislative history, and the consequences of a particular construction); *see also id.* § 311.021(3), (5) (in enacting a statute, it is presumed that the legislature intended a reasonable result and favored a public interest over any

private interest). Furthermore, under this construction, a state agency and retiring state employee could easily circumvent the cap by working together to ensure that an employee nearing retirement was reassigned to a new job for a limited period of time prior to retirement, a consequence which would undermine the statute's effectiveness and is contrary to legislative intent. *See id.* § 311.023 (in construing a statute a court may consider the object sought to be attained, the legislative history, and the consequences of a particular construction).

Next you ask whether "this reemployed retiree's salary [must] be capped if he continues performing his present duties [as division director for the WIC Vendor Operations Division] for more than six months from reemployment." Request Letter at 2. As this question is separate from your first, we understand you to ask when, rather than whether, the salary cap will go into effect. Subsection (b) of section 659.0115 provides that "[t]he salary limitation provided by Subsection (a) does not apply to a retiree's first six months of reemployment after retirement, except that if a retiree is reemployed for more than six months after retirement, the limitation applies to the entire period of reemployment." TEX. GOV'T CODE ANN. § 659.0115(b) (Vernon Supp. 2000). The salary cap will apply once the employee has been in his current position for more than six months and will apply to the entire period of reemployment, including (retroactively) the first six months.

Your third and fourth questions are related. Assuming the cap applies, you ask whether "this reemployed retiree's salary [would] remain capped if he is selected for and accepts a different position within TDH prior to the expiration of his first six months of reemployment?" Request Letter at 2. You also ask whether, in the event the reemployed retiree is selected for and accepts a new position, he could continue on the payroll at his uncapped preretirement rate of compensation, which exceeds the $60,000, or whether he must have a break in service in order to be eligible to receive that pay. *See id.* We assume that these questions involve transfer of the retiree to a new position, one not involving "substantially similar" services, prior to the expiration of his first six months of reemployment.

Under subsection (b) of section 659.0115, the cap does not apply if a reemployed retiree *performs services substantially similar to those performed in his or her last year of employment for no more than six months.* Nor does the cap apply if the retiree is reemployed to perform services different from those performed during the last twelve months prior to retirement. *See* TEX. GOV'T CODE ANN. § 659.0115(a), (b) (Vernon Supp. 2000). Accordingly, we interpret section 659.0115 as not capping the salary of an individual who performs "substantially similar" services for under six months and then transfers to a position that involves different services before the end of that period. We believe that this interpretation is consistent with the legislature's intent to allow a retired employee to resume service at his or her former pay level for no more than six months and not to preclude reemployment of retirees in different positions. Furthermore, assuming a reemployed retiree has not spent more than six months performing services substantially similar to those performed during the twelve months prior to retirement and has not yet become subject to the cap,

we do not believe a break in service is necessary in order for the employee to take a new position at the same salary. The statute does not impose this requirement, and we see no reason to imply it.

## S U M M A R Y

A retired state employee who is reemployed by a state agency is subject to the salary cap set forth in section 659.0115 of the Government Code if he or she is rehired to perform services substantially similar to those he or she performed for less than the entire twelve month period before retirement. Section 659.0115 does not cap the salary of a reemployed retiree who performs "substantially similar" services for less than six months and then transfers to a position that does not involve "substantially similar" services before the end of the first six months of reemployment.

Yours very truly,

JOHN CORNYN
Attorney General of Texas


ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee